**RECEIVED**

JUL 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLUMBIA

Robert MacLafferty,
Ruth MacLafferty                    Case No. **1:06-cv-00279** *RMU*

        Plaintiff(s),            ADDENDUM TO COMPLAINT No. 1

v.

United States
        Defendant.

This Court has recognized that an exception to the exhaustion of the administrative remedy is found where "An adverse decision can also be certain if an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider." Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F.2d 918, 925 (D.C. Cir. 1982).

This Court has also recognized that an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. (Turner v. United States, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006) citing Gibson v. Berryhill, 411 U.S. at 575, n. 14; Houghton v. Shafer, 392 U.S. 639, 640 (1968))

Pursuant to The Federal Records Act, 44 USC § 3101, and the National Archives Act, 44 USC § 3106, the attached correspondence is a public record. Pursuant to the

Administrative Procedure Act, 5 USC 704, the attached correspondence is a final agency action.

## FINDINGS MUST BE BASED UPON EVIDENCE

Even if administrative exhaustion is a question of law, the exceptions to the administrative exhaustion requirement that have heretofore been mentioned, in Koerner (both cases)[1], Turner, and in the instant case, involve findings of fact which should, in keeping with Arbaugh, be within the province of a jury.  In the instant case, a jury finding that IRS was willing to reconsider a position (Randolph-Sheppard), or was unbiased (McCarthy), would naturally *and properly* result in the legal conclusion that no exception(s) to the exhaustion requirement are applicable; an adverse jury finding, however, of IRS intransigence, or bias, would necessarily and properly result in the legal conclusion that one or more exception(s) to the exhaustion requirement do apply.  The legal conclusion that Plaintiff failed to exhaust an administrative remedy to which no exception applies may only be based upon a finding of facts; a finding of the jury.  I/we believe that a proper reading of the statute supports this argument.

Pursuant to Fed Rules of Edv. Rule 902(1) the attached correspondence is self-authenticating. Pursuant to  Fed. Rules of Edv. Rule 201 the court is required to take mandatory judicial notice of the adjudicative fact that the attached correspondence (sent to plaintiff(s), is a final agency action that demonstrates that the IRS is unwilling to

---

[1] No. 05-1600 (D.D.C. Oct 26, 2005; 06-0024, D.D.C. Mar. 31, 2006

reconsider the position taken in the attached correspondence[2] and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing the instant action.

Dated __7/12__, 2006

_Robert MacLafferty_
Robert MacLafferty
1020 Silver Maple Lane
Portland, Tn

_Ruth MacLafferty_
Ruth MacLafferty
1020 Silver Maple Lane
Portland, Tn

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Tennessee, personally appeared, Robert MacLafferty, Ruth MacLafferty known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_Freida Jones_
Notary, State of Tennessee

Exp 6-5-07



---

[2] The attached correspondence is provided solely to demonstrate that the defendants' agency has articulated a position that is a final agency action that defendants' agency is unwilling to reconsider and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing this action and for no other purpose.

## CERTIFICATE OF SERVICE

I certify that I have mailed an original and one copy of the forgoing to:

Clerk of Court, United States District Court, 333 Constitution Ave. NW, Washington D.C. 20001,

and one copy to:

Beatriz T. Saiz, Trial Attorney, Tax Division, U.S. Dept of Justice, P.O. Box 227, Ben Franklin Station, Washington D.C. 20044.

Dated _____7/13_____, 2006

*Robert MacLafferty*
Robert MacLafferty

MAY-30-2006  14:39        LAB                                                    P.02

| Form 668-W(c) (Rev. January 2001) | Department of the Treasury – Internal Revenue Service **Notice of Levy on Wages, Salary, and Other Income** | | |
|---|---|---|---|
| DATE: 05/08/2004 | *Spoke w/ Carl w/ IRS - 5/23/06 Order still in effect. Must abide by order. —ty. 5/23/06* | TELEPHONE NUMBER OF IRS OFFICE: TOLL FREE  1-800-829-7650 | AEONUM 01836 |
| IRS ADDRESS: ACS SUPPORT - STOP 5050 PO BOX 219236 KANSAS CITY, MO 64121-9236 | | WI NAME AND ADDRESS OF TAXPAYER: | |
| TO:  F  62-0672351  . DPC05 TENNESSEE CHRISTIAN MEDICAL CENTER 500 HOSPITAL DR MADISON TN  37115-5032 | | ROBERT M MACLAFFERTY  11224998 1020 SILVER MAPLE LN PORTLAND TN 37148-9736 IDENTIFYING NUMBER(S): MACL  S  00  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 | |

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-1996 | $ 20,312.38 | $ 8,851.01 | $ 29,163.39 |
| 1040A | 12-31-1997 | $ 41,930.83 | $ 18,828.22 | $ 60,759.05 |
| | | | Total Amount Due ▶ | $ 89,902.44 |

**RECEIVED MAY 24 2004 ACCOUNTING**

We figured the interest and late payment penalty to __06-03-2004__

**THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.**

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount hasn't been paid. This levy requires you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid yet, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated.

We levy these monies to the extent they aren't exempt, as shown on the instructions. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.

If you don't owe money to this taxpayer, please complete the back of part 3. Attach part 3 as a cover to the rest of this form. Return all of the parts to IRS in the enclosed envelope.

If you do owe money to this taxpayer, please see the back of this page for instructions on how to act on this notice.

| Signature of Service Representative | Title |
|---|---|
| *[signature]* | Operations Manager, Collection |

## IF MONEY IS DUE THIS TAXPAYER

Give the taxpayer Parts 2, 3, 4, and 5, as soon as you receive this levy. Part of the taxpayer's wages, salary or other income is exempt from levy. To claim exemptions, the taxpayer must complete and sign the Statement of Exemptions and Filing Status on Parts 3, 4, and 5 and return Parts 3 and 4 to you within 3 work days after you receive this levy. The taxpayer's instructions for completing the Statement of Exemptions and Filing Status are on the back of Part 5.

Send us the taxpayer's take home pay minus the exempt amount which is described below, on the same dates that payments are made, or are due, to the taxpayer. Unless we tell you that a deduction should not be allowed, allow the taxpayer's payroll deductions which were in effect when you received this levy in determining the take home pay. Do not allow the taxpayer to take new voluntary payroll deductions while this levy is in effect. The method of payment to the taxpayer, for example, direct deposit, has no bearing on take home pay. Direct deposit is not considered a payroll deduction.

When you send us your check, complete the back of Part 3 of this form, attach it to the check, and mail them to us in the enclosed envelope. Make your check payable to the United States Treasury.   Please write on the check (not on a detachable stub) the taxpayer's name, identifying number(s), kind of tax, and tax periods shown on Part 1, and the words "LEVY PROCEEDS."

This levy remains in effect for all wages and salary for personal services until we send you a release of levy. Wages and salary include fees, commissions, and bonuses. If more than one payment is necessary to satisfy the levy, send additional payments to the Internal Revenue Service address shown on your copy of this levy, and make out your check as described above.

This levy remains in effect for benefit and retirement income if the taxpayer has a current fixed right to future payments, until we send you a release of levy.

For income other than wages and salary, and benefit and retirement income as described above, this levy is effective only for funds you owe the taxpayer now. We may issue another levy if necessary. However, this levy attaches to all obligations you owe the taxpayer at the time the you receive it, even though you plan to make the payment at a later date.

## INSTRUCTIONS FOR FIGURING THE AMOUNT EXEMPT FROM THIS LEVY

There are three steps in figuring the amount exempt from this levy.

1. When you receive the completed Parts 3 and 4 from the taxpayer, use item 1 of the enclosed table (Publication 1494) to figure how much wages, salary, or other income is exempt from this levy. Find the correct block on the table using the taxpayer's filing status, number of personal exemptions claimed, and pay period. Be sure you allow one exemption for the taxpayer, in addition to one for each person listed on Parts 3 and 4, unless, "I can't claim myself as an exemption," is written next to the taxpayer's signature. If no Social Security Number is provided for a personal exemption, do not allow that exemption, unless "Less than six months old" is written in the space for that person's Social Security Number. If you don't receive the completed Parts 3 and 4, then the exempt amount is what would be exempt if the taxpayer had returned them indicating married filing separate and only the taxpayer is claimed as a personal exemption. Don't use the information on the taxpayer's Form W-4, Employee's Withholding Allowance Certificate, to determine the amount that is exempt from this levy. That information can be different from what is filed on the employee's individual income tax return.

2. If the taxpayer, or the taxpayer's spouse, is at least 65 years old and/or blind, an additional amount is exempt from this levy. To claim this, the taxpayer counts one for each of the following: (a) the taxpayer is 65 or older, (b) the taxpayer is blind, (c) the taxpayer's spouse is 65 or older, and (d) the taxpayer's spouse is blind. Then, this total (up to 4) is entered next to "ADDITIONAL STANDARD DEDUCTION" on the Statement of Exemptions and Filing Status. If the taxpayer has entered a number in this space, use item 2 of the enclosed table to figure the additional amount exempt from this levy.

3. The amount the taxpayer needs to pay support, established by a court or an administrative order, for minor children is also exempt from levy, but the court or administrative order must have been made before the date of the levy. These children can't be claimed as personal exemptions on Parts 3, 4, and 5.

If the taxpayer's exemptions, filing status, or eligibility for additional standard deduction change while this levy is in effect, the taxpayer may give you a new statement to change the amount that is exempt. You can get more forms from an IRS office. If you are sending payments for this levy next year, the amount that is exempt doesn't change merely because the amount that all taxpayers can deduct for exemptions, filing status, and additional standard deductions on individual income tax returns changes for the new year. However, if the taxpayer asks you to recompute the exempt amount in the new year by submitting a new statement of Exemptions and Filing Status, even though there may be no change from the prior statement, you may use the new year's exemption table. This change applies to levies you already have as well as this one. If you are asked to recompute the exempt amount and you don't have the new year's exemption table, you may order one, by calling 1-800-829-3676. Ask for Publication 1494. The taxpayer submits the information under penalties of perjury, and it is subject to verification by the Internal Revenue Service.

FORM 668-W(c) (Rev.01-2003)

16748F

Bob MacLafferty- phone conversation with
*Tammy Jackson* Compliance Manager HCA Payroll Service Center - Nashville

Conversation with Ms. Jackson on the phone 5/30 1:45 pm.

1. Do you have anything other than the one copy of the Form 668-W(c)? No
2. Do you have anything that instructs you to levy a certain amount? No
3. Do you have a court order? No
4. There are many things wrong with this levy from a legal standpoint.
5. I'm concerned that if the hospital did not have specific levy amount instructions, why they proceeded with the levy without requesting information from me or from my local payroll department.

I need to inform you of the status of this issue:

There was a lawsuit filed over three months ago. It is now in default, which means that the IRS is conceding that they are in the wrong. My legal counsel is preparing an addendum to that lawsuit addressing this levy.

This levy will be considered as retaliation against me because of the fact that a lawsuit is pending. The hospital could be considered to be liable for unlawful conversion.

This addendum will be filed in the next several days. It will name you and the hospital as being 3rd parties.

I want to be able to have the addendum reflect that you have been supportive by changing your position and not continuing with the levy as you did last payperiod.

Ms. Jackson said that I could file the Statement of exemptions and filing status if I wanted to in order to reduce the levy amount. She said that the IRS did not need a court order. She said that she did not have the authority to stop the levy. She said that she found it strange that the IRS would continue with the levy while a lawsuit was pending.